UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

ALEXANDER GOLDANSKY

                    Plaintiff,

– against –

TRG-DESERT INN VENTURE, LTD., TRG BEACH CLUB REALTY, INC., AVENTURA TITLE INSURANCE CORPORATION, CHICAGO TITLE INSURANCE COMPANY, GONZALO MONTEGRO, MONICA MONTEGRO,

                    Defendants.
------------------------------------------------------------ x

Index No.: 06 CV 15335
Judge Alvin K. Hellerstein

**AMENDED COMPLAINT**

Plaintiff, ALEXANDER GOLDANSKY ("Goldansky") by and through his attorney Albert Feinstein, Esq., 303 Fifth Avenue, 18th Floor, New York, New York 10016, as for his Amended Complaint against Defendants TRG-DESERT INN VENTURE, LTD., a Florida Limited Partnership, TRG BEACH CLUB REALTY, a Florida Limited Liability Company, AVENTURA TITLE INSUANCE CORPORATION, a Florida Corporation, CHICAGO TITLE INSURANCE COMPANY, a Florida Corporation, GONZALO MONTEGRO and MONICA MONTEGRO alleges as follows:

1

## PARTIES AND JURISDICTION

1. Plaintiff Goldansky is an individual domiciled in the City and State of New York.

2. Upon information and belief, Defendant TRG-Desert Inn Venture, Ltd., is a Florida Limited Partnership formed on or about May 2, 2003 ("TRG-Desert") and whose listed general partner is TRG-Desert Inn, Inc., a Florida Corporation formed on or about May 2, 2003. Upon information and belief, TRG-Desert owns and/or controls the condominium development known as Ocean Four Condominium, located at 17201 Collins Avenue, Sunny Isles Beach, Florida 33160 ("Ocean Four").

3. Upon information and belief, Defendant TRG Beach Club Realty is a Florida Corporation formed on or about August 27, 2003 ("TRG Realty") and acts as the sales agent for Ocean Four.

4. Upon information and belief, Defendant Aventura Title Insurance Corporation is a Florida Corporation formed on or about January 11, 1994 ("Aventura Title") and which acts as the closing agent for the transactions described in this Complaint.

5. Upon information and belief, Chicago Title Insurance Comp. is a Florida corporation formed on or about September 10, 1963 and operates through branch offices and authorized agents. Defendant Chicago Title, through its branch located at 2701 Gateway Beach, Pompano Beach, Florida 33069 ("Chicago Title"), acted as the escrow agent for transactions described in this Complaint and presently holds in escrow $166,000.00 of Plaintiff Goldansky's invested funds. Defendant Chicago Title is being sued only as escrowee.

6. Upon Information and belief, Defendants Gonzalo and Monica Montegro ("Montegros") are the owners of record of the unit 1202 at Ocean Four.

7. This Court has subject matter jurisdiction of the present action pursuant to 28 U.S.C. § 1332(a)(1) in that there is diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiffs are informed and believe, and based thereon allege, that venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. Plaintiff became the victim of the Defendants' pre-construction sale scheme. Defendants attempted to have Plaintiff enter into purchase agreements for the acquisition of the unit 1202 at Oceana Four by making fraudulent statements or concealment of material facts. Plaintiffs seek the declaratory judgment declaring that the purported contract for the purchase of unit 1202 never existed due to the fact that the material elements of the binding contract are missing and there was no meeting of the minds. In addition, the purported contract is void because Plaintiff was never provided with the required condominium documents for Ocean Four.

9. on or about September 7, 2005, following the advertisement of Ocean Four preconstruction sales in Russian-speaking media publications in New York, Plaintiff Goldansky went to TRG Realty - Ocean Four's sales office.

10. TRG Realty's agents gave Plaintiff Goldansky a short verbal presentation of Ocean Four and showed him the floor plans of two units, 1202 and 1803. TRG Realty's agents represented to Plaintiff Goldansky

4

that those were the last two units offered by Developers-Sponsors at specially discounted prices.

11. TRG Realty's agents further stated to Plaintiff Goldansky that unless Plaintiffs immediately signed the contracts of sale for the units, Developer was about to sell the units to third parties.

12. Within minutes of being at the Developer's Office, Plaintiff Goldansky pre-signed all the paperwork that was given to him for the unit 1202 for the "discounted" purchase amount of $830,000. Immediately thereafter, Plaintiff Goldansky forwarded a check in the amount of $15,000 payable to Chicago Title Insurance Company as the contract first down payment.

13. In addition, Plaintiff Goldansky told TRG Realty's agents that his friend, Gennadiy Rovner, would be willing to purchase the unit 1803 at the specified "discounted" price of $930,000. Since Plaintiff Rovner was not in Florida, TRG Realty's agents provided Plaintiff Goldansky with another blank contract of sale for the unit 1803, so he could take it to New York for Rovner's signature. Once signed, the contract for the unit 1803 was sent back to TRG Realty together with a check n the amount

of $15,000 payable to Chicago Title Insurance Company, as the contract first down payment.

14. In the months of October and November of 2006, while in New York, Plaintiff Goldansky made the requested down payments for the total amount of $166,000.00, and Plaintiff Rovner - $185,000.00, which are presently being held in escrow by Chicago Title Insurance Company.

15. Recently, Plaintiff was stunned to find out that he bought the apartment not from the Developers-Sponsors, but rather from Defendants Montegro at substantially higher than market prices.

16. If Plaintiff had been informed that apartment 1202 was the re-sale unit, he would have never entered into any agreement. In fact, Plaintiff fully relied on Defendants' misrepresentations that the units were last apartments that the Developers-Sponsors offered at discounted prices.

17. Plaintiff was never provided with any of condominium documents related to Ocean Four. In addition, the purported "Contract for Sale and Purchase" for the unit 1202 lacks material information, including the name and address of the seller(s), and sellers' initials and signature.

18. With the exception of brief travel to Florida on or about September 7, 2007, Plaintiff Goldansky communicated with Defendants and received all correspondence related to the unit while he was in New York.

**FIRST CAUSE OF ACTION**
**For Fraud Against Defendants TRG-DESERT, TRG REALTY AND MONTEGROS**

19. Plaintiff restates and incorporates all prior allegations as if fully set forth herein.

20. Defendants committed fraud on Plaintiff by making material misrepresentations to Plaintiff and by concealing material facts from Plaintiff.

21. Defendants, either directly or through their agents, specifically represented to Plaintiff that Plaintiff was purchasing the exclusive unit from the Developers-Sponsors, when in fact, the unit was the re-sale unit offered by undisclosed third parties.

22. Defendants, either directly or through their agents, made affirmations in the contract and/or wrongfully caused Plaintiff to make affirmations in the contact stating that Plaintiffs received all the information

related to the condominium, including the offering documents, when in fact, Plaintiff did not receive even a single piece of paper.

23. Plaintiff relied on these representations and concealment to his detriment when he decided to invest in Ocean Four.

24. By the Defendants' false representations and concealment, Plaintiff was induced into making the investment in Ocean Four.

25. Defendants concealed their true intentions to resell the unit to Plaintiff at much higher prices through unspecified third parties.

26. Plaintiff remained unaware of the Defendants' true intentions until late fall of 2006. Plaintiff's lack of knowledge of Defendants' intentions and misrepresentations is not attributable to lack of diligence on Plaintiff's part. Plaintiff had no access to information that would have enabled him to discover the Defendants' fraudulent intentions until long after Plaintiff made the investments.

27. By reasons of the foregoing, Plaintiff has been damaged and is entitled to recover from each Defendant the sum to be determined at trial, but not less than $166,000.00.

**SECOND CAUSE OF ACTION**
**For Violations of Florida Statute against Defendants TRG-DESERT, TRG REALTY and MONTEGROS**

28. Pursuant to the "Regulation and Disclosure Prior to the Sale of Residential Condominiums" (Florida Statutes Title XL Chapter 718 Part V), Defendants were obliged to provide to Plaintiff all documents related to the condominium, including condominium formational and operational documents (Section 718.503), the question and answer sheet (Section 718.504), and the financial information (Section 718.111).

29. The duty to disclose and to provide the required condominium documents applies to both developer and non-developer sellers (Section 718.503).

30. The Florida Statutes entitles Plaintiff to cancel the contract at any time and mandates Defendants to refund the deposited funds and Plaintiff's reasonable costs, including attorney's fees.

31. By reasons of the Defendants' violations of applicable Florida Statutes, Plaintiff has been damaged and is entitled to recover from each Defendant the sum to be determined at trial, but not less than $166,000.00.

### THIRD CAUSE OF ACTION
### For Declaratory Judgment against All DEFENDANTS

32. Plaintiff kindly request the court to declare that:

   A. The purchase contract for the unit 1202 at Ocean Four is void at Plaintiff's specific request on multiple grounds, including the fact that (i) the contract is defective in material respects; and/or (ii) Defendants' failure to provide the necessary disclosure and condominium documents and failure to insert the necessary language in the Purchase Agreements entitles Plaintiff to rescission under Section 718.503 of the Florida Statutes; and that

   B. Defendant Chicago Title Insurance Company shall return the deposited amount of $166,000 plus interest to Plaintiff Goldansky; and that

   C. Plaintiff shall be reimbursed for all reasonable costs and expenses, including attorney's fees in prosecuting this action.

WHEREFORE, Plaintiff Goldansky demands judgment in this matter as follows:

   a. On each of the First and Second Causes of Action, a judgment in favor of Plaintiff and against Defendants in the amount to be determined at trial, but not less than $166,000.00;

b. On Third Cause of Action, a declaratory judgment based on the facts alleged in this Complaint;

c. For the return of Plaintiffs' escrowed deposited in the amount of $166,000, plus the applicable interest;

d. For punitive damages for Defendants' egregious and fraudulent conduct;

e. For attorney fees and other costs that Plaintiff has incurred and for all applicable interest.

f. For such other and further relief as this Court deems just and proper.

Dated:    March 1, 2007    By: _____
             New York, New York        Albert Feinstein, Esq.

Counsel for Plaintiff
Law Offices of Albert Feinstein
303 Fifth Avenue, 18th Floor
New York, New York 10016
Tel:  (212) 224-0224 x. 301
Fax: (212) 202-4069