UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

ALEXANDER GOLDANSKY                          :     06 CV 15335 (AKH)

            Plaintiff,                       :     ECF CASE

       -against-                              :

TRG-DESERT INN VENTURE, LTD, TRG BEACH       :
CLUB REALTY, INC., AVENTURA TITLE
INSURANCE CORPORATION, CHICAGO TITLE         :
INSURANCE COMPANY, GONZALO MONTEGRO,
MONICA MONTEGRO,                             :

         Defendants.                         :

-------------------------------------------------------------------X

### DEFENDANTS TRG-DESERT INN VENTURE, LTD AND TRG BEACH CLUB REALTY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

GREENBERG TRAURIG LLP
200 Park Avenue, 39th Floor
New York, New York 10166
(212) 801-9200

and

GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida  33131
(305) 579-0500

*Attorneys for Defendants TRG-Desert Inn Venture, LTD and TRG Beach Club Realty, Inc.*

Of Counsel:
William C. Silverman

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS .................................................................................... 2

ARGUMENT ....................................................................................................... 3

I.     THE AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE
TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6).................................. 3

     A.    The Fraud Claim Should Be Dismissed. ................................................... 4

     B.    Plaintiff's Florida State Law Claim Must Be Dismissed. ......................... 7

     C.    Plaintiff's Third Cause Of Action For Declaratory Judgment Is Based
On The Untenable Causes Of Action And Should Be Dismissed. ........... 9

II.    THIS ACTION SHOULD BE DISMISSED FOR LACK OF VENUE OR
TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA .............................. 9

     A.    This Action Should Be Dismissed Or Transferred Pursuant to 28
U.S.C. § 1406(a) Since Venue Does Not Lie in This Court. ................. 10

     B.    Alternatively, This Action Should Be Transferred To The Southern
District Of Florida Court Pursuant to 28 U.S.C. § 1404(a). ................. 12

CONCLUSION.................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*2 Broadway L.L.C. v. Credit Suisse First Boston Mortg. Capital L.L.C.*, No. 00 Civ. 5773, 2001 WL 410074 (S.D.N.Y. Apr. 23, 2001) ................................................. 8

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128 (S.D.N.Y. 1994) .............. 12

*Acito v. IMCERA Group, Inc.*, 47 F.3d 47 (2d Cir. 1995) ............................................. 7

*Advance Relocation & Storage, Inc. v. Wheaton Van Lines, Inc.*, No. CV 99-2491, 2000 WL 33155640 (E.D.N.Y. Sept. 15, 2000) ........................................ 13

*Amaker v. Haponik*, 198 F.R.D. 386 (S.D.N.Y. 2000) ........................................ 11

*Anglo American Ins. Group, PLC v. CalFed, Inc.*, 916 F. Supp. 1324 (S.D.N.Y. 1996) ............. 14

*Berman v. Informix Corp.*, 30 F. Supp. 2d 653 (S.D.N.Y. 1998) ................................ 14

*Bernheim v. Litt*, 79 F.3d 318 (2d Cir. 1996) ................................................ 3

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364 (11th Cir. 1997) .............. 7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ......................................... 15

*Carrano v. Harborside Healthcare Corp.*, 199 F.R.D. 459 (D. Conn. 2001) ....................... 10

*Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957) .......................................... 4

*ConnTech Dev. Co. v. University of Conn. Educ. Properties, Inc.*, 102 F.3d 677 (2d Cir. 1996) ........................................................ 10

*Dolson v. New York State Thruway Auth.*, No. 00 Civ. 6439, 2001 WL 363032 (S.D.N.Y. April 11, 2001) .......................................................... 11

*Double Alpha, Inc. v. Mako Partners, L.P.*, No. 99 CIV. 11541, 2000 WL 1036034 (S.D.N.Y. July 27, 2000) ........................................................... 6

*Dutton v. Glass*, No. 04 CV 3496, 2005 WL 146503 (S.D.N.Y. Jan. 20, 2005) .................... 13

*Feick v. Fleener*, 653 F.2d 69 (2d Cir. 1981) ................................................ 9

*Feldman v. L & M Mowing. Inc.*, No. 98 CV 4246, 1999 WL 284983 (E.D.N.Y. May 3, 1999) ....................................................................... 12

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir. 1994) ....................... 3

*FSI Group v. First Fed. Sav. & Loan Assoc.*, 502 F. Supp. 356 (S.D.N.Y. 1980) .................. 10

*Giant Group, Ltd. v. Sands*, 142 F. Supp. 2d 503 (S.D.N.Y. 2001) ................................................ 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1983) ................................... 15

*Hernandez v. Graebel Van Lines*, 761 F. Supp. 983 (E.D.N.Y. 1991) .......................................... 14

*In re Alexander Grant & Co. Litig.*, 110 F.R.D. 528 (S.D. Fla. 1986) ......................................... 14

*In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392 (S.D.N.Y. 2006) ....................... 13

*Inn Chu Trading Co. v. Sara Lee Corp.*, 810 F. Supp. 501 (S.D.N.Y. 1992) ................................ 4

*Kazlow v. Hade*, No. 89 Civ. 5402, 1990 WL 139030 (S.D.N.Y. Sept. 14, 1990) ...................... 12

*Lambert v. Fiddler Gonzalez & Rodriguez*, No. 96 Civ. 7233, 1998 WL 182434
    (S.D.N.Y. Arp. 17, 1998) ................................................................................................ 11

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S.
    163 (1993) ........................................................................................................................ 9

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006) .............................................................. 7

*McDonald v. Gen. Accident Ins. Co.*, No. 96-CV-326, 1996 WL 590722 (N.D.N.Y.
    Oct. 7, 1996) .................................................................................................................... 11

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir. 1993) ...................................................... 4

*Nathan Gordon Trust v. Northgate Exploration, Ltd.*, 148 F.R.D. 105 (S.D.N.Y.
    1993) ......................................................................................................................... 11, 13

*Natowitz v. Mehlman*, 542 F. Supp. 674 (S.D.N.Y. 1982) ............................................................ 4

*Ocean Walk Mall LLC v. Kornitzer*, No. 1 Civ. 213, 2001 WL 640847 (S.D.N.Y. June
    11, 2001) .......................................................................................................................... 14

*Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F. Supp. 2d 179 (S.D.N.Y. 2000) ................ 8

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000) .......................................................................... 5

*Saltire Industrial, Inc. v. Waller Lansden Dortch & Davis, PLLC*, 331 B.R. 101
    (S.D.N.Y. 2005) ............................................................................................................... 13

*Simon v. Castello*, 172 F.R.D. 103 (S.D.N.Y. 1997) .................................................................... 4

*Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231 (S.D.N.Y. 2006) ............................. 6

*Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392 (2d Cir. 1992) ..................................... 12

*Swift v. North American Co. for Life and Health Ins.*, 677 F. Supp. 1145 (S.D. Fla. 1987) ................................................................................................................................ 8

*U.S. Fidelity & Guar. Co. v. Republic Drug Co., Inc.*, 800 F. Supp. 1076 (E.D.N.Y. 1992) .............................................................................................................................. 12

*Universal Marine Med. Supply, Inc. v. Lavecchio*, 8 F. Supp. 2d 214 (E.D.N.Y. 1998) ............. 10

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) .................................................................... 13

*Waksman v. Cohen*, No. 00-9005, 2002 WL 31466417 (S.D.N.Y. Nov. 4, 2002) ..................... 5, 6

*Wexner v. First Manhattan Co.*, 902 F.2d 169 (2d Cir.1990) ........................................... 7

*ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F. Supp. 2d 274 (S.D.N.Y. 2000) ................................ 9

**State Cases**

*Allied Van Lines, Inc. v. Bratton*, 351 So. 2d 344 (Fla. 1977) ........................................... 8

*Chalfonte Development Corp. v. Rosewin Coats, Inc.*, 374 So.2d 618 (4th Fla. Dist. Ct. App. 1979) .......................................................................................................... 9

*Dentaland, P.A. v. St. Stephen Ltd. P'ship*, 729 So. 2d 1012 (Fla. 3d Dist. Ct. App. 1999) ............................................................................................................................. 5

*Glenfed Fin. Corp. v. Aeronautics and Astronautics Servs., Inc.*, 181 A.D.2d 575, 581 N.Y.S.2d 62 (1st Dep't 1992) ....................................................................................... 5

*Mac-Gray Servs., Inc. v. DeGeorge*, 913 So. 2d 630 (Fla. 4th Dist. Ct. App. 2005) ................. 5, 6

*Peebles v. Sheridan Healthcare, Inc.*, 853 So. 2d 559 (Fla. 4th Dist. Ct. App. 2003) ................... 5

*Pinney v. Beckwith*, 202 A.D.2d 767, 608 N.Y.S.2d 738 (3d Dep't 1994) ............................. 5

*River Glen Assoc., Ltd. v. Merrill Lynch Credit Corp.*, 295 A.D.2d 274, 743 N.Y.S.2d 870 (1st Dep't 2002) .................................................................................................... 5

*Ross v. DeLorenzo*, 28 A.D.3d 631, 813 N.Y.S.2d 756 (2d Dep't 2006) ................................ 7

**Federal Statutes**

28 U.S.C. § 1391 ...................................................................................................... *passim*

28 U.S.C. § 1404(a) .................................................................................................. *passim*

28 U.S.C. § 1406(a) .................................................................................................. *passim*

**State Statutes**

Fla. Stat. §§ 718.503 ................................................................................................. 8

Fla. Stat. §§ 718.504 ................................................................................................. 8

Fla. Stat. §§ 718.111 ................................................................................................. 8

**Federal Rules**

Fed. R. Civ. P. 9(b) ........................................................................................... *passim*

Fed. R. Civ. P. 12(b)(3) ........................................................................................ 1, 15

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1, 3, 15

Defendants TRG-Desert Inn Venture, LTD. ("TRG-Desert") and TRG Beach Club Realty, Inc. ("TRG Realty"), (collectively, the "TRG Defendants") move to: (i) dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b) and (ii) dismiss the Amended Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, transfer venue to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

Alexander Goldansky executed a contract for the construction and purchase of a condominium located in Florida. Mr. Goldansky alleges that the companies who built the condominium, defrauded him. Although Mr. Goldansky brought this case in the Southern District of New York, he alleges the fraud occurred in Florida, in the context of a real estate transaction with a Florida company, for the purchase of property located in Florida, and he is proceeding under Florida law.

The Court should dismiss the Amended Complaint for failure to state a claim and for failure to plead fraud with particularity. Mr. Goldansky alleges the Defendants failed to provide certain documents when he signed his purchase agreement, and that this failure violated a Florida statute. At the same time, the contract reveals in capital letters that Mr. Goldansky actually received the necessary documents. He even initialed this portion of the document to signify his agreement. In a situation like this, the Court should dismiss the Amended Complaint.

Mr. Goldansky also fails to state a claim of fraud against the TRG Defendants. The fraud claim is based on alleged statements from unnamed people in Florida and does not meet the heightened pleading standards required for a fraud claim. Furthermore, Mr. Goldansky could not have reasonably relied on the statements, because the contract explicitly contradicts the allegedly fraudulent statements. Under the circumstances, the fraud claim cannot stand.

Finally, there is no basis for venue in the Southern District of New York.  All defendants reside in Florida, and none of the events which support the claims occurred in New York. Indeed every aspect of the transaction took place in Florida, including the allegedly fraudulent statements.  The Court should dismiss this case for lack of venue or, in the alternative, the Court should transfer the matter to the Southern District of Florida.

## STATEMENT OF FACTS

### The Parties

Plaintiff alleges the following facts:

Alexander Goldansky ("Goldansky") purchased a condominium in Florida from Gonzalo and Monica Montengro.  The Montengros purchased the unit from TRG-Desert, which was the original owner and developer of the property.  (Amended Complaint, attached to the Affirmation of William C. Silverman ("Silverman Aff.") as Exhibit A, ¶ 15)  TRG Realty was the sales agent for the condominium.  (*Id.* at ¶ 3.)

### The Alleged Fraud

After seeing an advertisement in a New York newspaper concerning the Ocean Four condominium development in Sunny Isles Beach, Florida, Goldansky traveled to Florida in September 2005 to meet with the real estate agent for the project, TRG Realty.  (Am. Complaint at ¶ 9)  In Florida, unspecified TRG Realty employees provided Goldansky with "a short verbal presentation," showed him the floor plan for two units, and informed him that these were the last units offered by the developers at discounted prices.  They said that if Goldansky did not sign immediately, the units would be sold to a third party.  (*Id.* at ¶ 10-11)  Goldansky further alleges that "immediately thereafter" he signed all the paperwork necessary to purchase one of the units and made a down payment to Defendant Chicago Title Insurance Company, a Florida corporation.  (*Id.* at ¶ 12)

Goldansky alleges that the Defendants committed fraud when they failed to disclose that he was purchasing the unit from the Montengros "at substantially higher than market prices," and not the Developers-Sponsors at discounted prices, as TRG Realty represented. (*Id.* at ¶ 15) Goldansky also claims the Defendants failed to provide all the condominium documents required under Florida law. (*Id.* at ¶ 17)

The contracts clearly indicate Goldansky was purchasing from "Unit owner of record -- Gonzalo and Monica Montengro." (Silverman Aff Ex. B). In addition, Goldansky initialed a paragraph of the contracts to acknowledge that he received the very documents which he claims he did not get:

> THE BUYER HEREBY ACKNOWLEDGES THAT BUYER HAS BEEN PROVIDED A CURRENT COPY OF THE DECLARATION OF CONDOMINIUM, ARTICLES OF INCORPORATION OF THE ASSOCIATION, BYLAWS AND RULES OF THE ASSOCIATION, AND A COPY OF THE MOST RECENT YEAR-END FINANCIAL INFORMATION AND FREQUENTLY ASKED QUESTIONS AND ANSWERS DOCUMENT MORE THAN THREE (3) DAYS, EXCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS, PRIOR TO EXECUTION OF THIS CONTRACT.

Goldansky seeks rescission of the contract, return of the amounts paid under the contracts, $1 million in damages and attorney's fees. (Am. Complaint ¶¶ 27, 31, 32)

## ARGUMENT

## I. THE AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

On a motion to dismiss, a Court must accept the plaintiff's allegations as true, and the Court must draw all reasonable inferences the plaintiff's favor. *See* Fed. R. Civ. P. 12(b)(6), *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). At the same time, wholly conclusory allegations or legal conclusions masquerading as facts cannot withstand a motion to dismiss. *See, e.g., First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) ("[T]he

well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted") (citation omitted). The Court must dismiss a complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).

Additionally, fraud claims must meet the heightened pleading standards of Fed. R. Civ. P. 9(b). Under this rule, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Particularity requires that the complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). "Additionally, where multiple Defendants are alleged to have committed fraud, the Complaint must 'allege specifically the fraud perpetrated by each defendant.'" *Simon v. Castello*, 172 F.R.D. 103, 105 (S.D.N.Y. 1997) (quoting *Natowitz v. Mehlman*, 542 F. Supp. 674, 676 (S.D.N.Y. 1982)); *see also Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) (noting that "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.' "). Regardless of what state law applies to the Plaintiff's fraud claims, he is nonetheless obligated to meet the heightened pleading requirements of Rule 9(b). *See, e.g., Inn Chu Trading Co. v. Sara Lee Corp.*, 810 F. Supp. 501, 506-07 (S.D.N.Y. 1992).

A.     **The Fraud Claim Should Be Dismissed**.

Mr. Goldansky's allegations of fraud fail for two reasons: (i) Mr. Goldansky could not have reasonably relied on TRG Realty's alleged statements that he was purchasing from the developer-sponsor, because the contract he signed explicitly disclosed that he was purchasing the

4

condominium from "Unit Owner of Record - Gonzalo & Monica Montengro;"[1] and (ii) the claims are not nearly sufficient to meet Rule 9(b)'s particularity requirements.

Reasonable reliance is a necessary element of every fraud claim. *River Glen Assoc., Ltd. v. Merrill Lynch Credit Corp.*, 295 A.D.2d 274, 275, 743 N.Y.S.2d 870, 871 (1st Dep't 2002) (dismissing complaint because of "absence of reasonable reliance upon the claimed representations"). Where an "express provision in a written contract contradicts a claimed oral representation in a meaningful fashion, the conflict between the contract provision and the oral representation negates the claim of reliance upon the latter." *Mac-Gray Servs., Inc. v. DeGeorge*, 913 So. 2d 630, 634 (Fla. 4th Dist. Ct. App. 2005) (holding that "[a] party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract"); *Dentaland, P.A. v. St. Stephen Ltd. P'ship*, 729 So. 2d 1012, 1012 (Fla. 3d Dist. Ct. App. 1999) (same); *Peebles v. Sheridan Healthcare, Inc.*, 853 So. 2d 559, 562 (Fla. 4th Dist. Ct. App. 2003) (dismissing fraud claim because although "[plaintiff] allege[d] that the [defendants] misrepresented the "price" of the Property, the price is clearly stated in the Agreement").[2]

The contract clearly indicates that Mr. Goldansky was purchasing the condominium from the owners of record, Gonzalo and Moncia Mongengro.

---

[1] Federal courts are permitted to refer to contracts at issue in the complaint, as this one is. *See* Complaint ¶¶ 8, 12; *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (noting that on a motion to dismiss, court may consider any documents incorporated by reference into the complaint as well as "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit."). The contract is attached to the Silverman Aff. as Exhibit B.

[2] The Contract indicates that Florida law controls, but New York law treats reliance the same as Florida. *Pinney v. Beckwith*, 202 A.D.2d 767, 768-69, 608 N.Y.S.2d 738, 739 (3d Dep't 1994) (affirming dismissal of complaint); *see also Glenfed Fin. Corp. v. Aeronautics and Astronautics Servs., Inc.*, 181 A.D.2d 575, 576, 581 N.Y.S.2d 62, 64 (1st Dep't 1992) (holding that where the "specific contract terms contradict the defendant's allegation that it executed the contract in reliance upon plaintiff's alleged oral misrepresentation...defendant's claim of fraudulent inducement is insufficient as a defense as a matter of law); *Waksman v. Cohen*, No. 00-9005, 2002 WL 31466417, at 6 (S.D.N.Y. Nov. 4, 2002) (finding that "New York courts have repeatedly found that reasonable reliance was absent where a party failed to review available records...which would have otherwise armed it with the truth") (citing cases).

The first line of the first page of Mr. Goldansky's contract listed "Unit owner of record --

Gonzalo and Monica Montengro" as the "Seller" of the condominium.  (Silverman Aff., Exh. B).

Both Mr. Goldansky and the Montengros initialed every page of the contract, which is replete

with language listing the selling party as the "unit owner of record."  (*Id.*)  Indeed, the contract

states that "Buyer understands and agrees that Seller does not presently own the Unit but has

entered into a purchase agreement…to purchase the Unit from the developer…."  (*Id.* at p. 8,

clause B.2)  Given these circumstances, Mr. Goldansky could not have reasonably relied on

TRG's alleged statements.  *See Waksman v. Cohen*, No. 00-9005, 2002 WL 31466417, at 6

(S.D.N.Y. Nov. 4, 2002); *Mac-Gray Servs., Inc. v. DeGeorge*, 913 So. 2d 630, 634 (Fla. 4th Dist.

Ct. App. 2005).

The fraud claim against TRG should also be dismissed because Mr. Goldansky has not

met Fed. R. Civ. P. 9(b)'s high pleading standard.  The Amended Complaint does not allege that

Goldansky ever spoke with anyone from TRG-Desert or that anyone from TRG-Desert played

any role in the alleged scheme.  The whole Amended Complaint concerns the actions and

representations of TRG Realty's agents.

For this reason, the Court should dismiss the fraud claim against TRG-Desert.  *See, e.g.,*

*Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 248-49 (S.D.N.Y. 2006) (dismissing

fraud claims where the complaint "fails to identify which of the two Defendants made each

statement or omission"); *Double Alpha, Inc. v. Mako Partners, L.P.*, No. 99 CIV. 11541, 2000

WL 1036034, at *3 (S.D.N.Y. July 27, 2000) (dismissing fraud claim because "the complaint

fails to separate the nine defendants by alleging specific acts of wrongdoing as to each one of

them, [and] it [thus] fails to meet the requirements of Rule 9(b)"); *Brooks v. Blue Cross and Blue*

*Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) ("The Amended Complaint is

devoid of specific allegations with respect to the separate Defendants. Thus, the Amended Complaint is also subject to dismissal . . . .").

Moreover, even the allegations against TRG Realty do not identify, among other things, the speaker. (*See* Am. Complaint ¶¶ 10-11) There are also no allegations whatsoever of TRG-Realty's fraudulent intent, a necessary element of every fraud claim. *See Ross v. DeLorenzo*, 28 A.D.3d 631, 636, 813 N.Y.S.2d 756, 760 (2d Dep't 2006) ("[a] present intent to deceive must be alleged" to state a fraud cause of action). This is insufficient as a matter of law, and necessitates dismissal of the entire fraud claim. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (holding that plaintiff must "identify the speaker" in order to comply with Rule 9(b)); *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995) (noting that "we must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a 'license to base claims of fraud on speculation and conclusory allegations'" and dismissing complaint for failure to sufficiently allege intent) (*citing Wexner v. First Manhattan Co.,* 902 F.2d 169, 172 (2d Cir.1990)).

Further, the unnamed TRG-Realty agent could not have acted with fraudulent intent because Mr. Goldansky was purchasing from the Montengros and the contract identified this fact repeatedly. The agent could never have concealed this fact when even a cursory review of the contract would reveal the alleged deception. The fraud claim must be dismissed for failure to "allege facts that give rise to a strong inference of fraudulent intent." *Id.*

Accordingly, the Court should dismiss Count One as to TRG-Desert and TRG Realty.

**B.**      **Plaintiff's Florida State Law Claim Must Be Dismissed.**

Mr. Goldansky also alleges that TRG failed to provide him with required documents when he signed his contract. (Am. Complaint ¶¶ 28-31) Specifically, Mr. Goldansky claims

TRG violated various Florida laws concerning "Regulation and Disclosure Prior to the Sale of Residential Condominiums." *Fla. Stat.* §§ 718.503, 718.504 and 718.111.

The relevant statutes provide that purchasers must receive condominium formational, financial and operational documents, and a question and answer sheet. (Am. Complaint ¶ 28)

The sales contract, however, reveals that Mr. Goldansky received the documents in question. The contract notes in capital letters: "BUYER HEREBY ACKNOWLEDGES THAT BUYER HAS BEEN PROVIDED" with all of the required documentation. (Silverman Aff. Ex. B) Further, Mr. Goldansky placed his initials next to the paragraph containing the extended list of documents. In this way, he left no doubt that he received the documents. (*Id.*)

Florida law is clear that "the rule [is] that one who signs a contract is presumed to know its contents." *Swift v. North American Co. for Life and Health Ins.*, 677 F. Supp. 1145, 1150 (S.D. Fla. 1987); *see also Allied Van Lines, Inc. v. Bratton*, 351 So. 2d 344, 347 (Fla. 1977) ("No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it."). Where, as here, Mr. Goldansky's conclusory allegations are flatly contradicted by documentary evidence, the complaint must be dismissed. *See 2 Broadway L.L.C. v. Credit Suisse First Boston Mortg. Capital L.L.C.*, No. 00 Civ. 5773, 2001 WL 410074, at *11 (S.D.N.Y. Apr. 23, 2001) (dismissing complaint where "plaintiffs' allegations are conclusory and directly contradicted by the unambiguous documentary record"); *Giant Group, Ltd. v. Sands*, 142 F. Supp. 2d 503, 511 (S.D.N.Y. 2001) (dismissing complaint where documentary evidence submitted by defendant conclusively disproved plaintiff's "conclusory allegations"); *Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (finding "the documents contradict Plaintiffs' allegations and, therefore, this Court must grant Defendants' motion to dismiss"); *Feick v. Fleener,* 653 F.2d 69, 75 (2d Cir.

1981) ("Since the documents upon which appellants based their claim show on their face absence of any grounds for relief, dismissal was proper.").[3]

Accordingly, the Court should dismiss Count Two.

### C.    Plaintiff's Third Claim For Declaratory Judgment Should Be Dismissed.

Mr. Goldansky also seeks a declaratory judgment based on the identical facts and legal theories as pled in his first two claims.  (*See* Am. Complaint ¶ 32)  Because he is not entitled to relief under his fraud and Florida statute claims, the declaratory judgment claim similarly fails. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).  Accordingly the Court should dismiss Count Three.

## II.    THIS ACTION SHOULD BE DISMISSED FOR LACK OF VENUE OR TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA

There are three ways to justify venue in this purported diversity action.  First, if all the defendants reside in the same state, venue is proper in that state.  28 U.S.C. § 1391(a)(1). Second, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated."  *Id.* at § 1391(a)(2).  Third, if there is "no district in which the action may otherwise be brought," venue is proper where "any defendant is subject to personal jurisdiction at the time the action is commenced."  *Id.* at § 1391(a)(3).

A plaintiff bears the burden of establishing the propriety of its chosen venue.  *See ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F. Supp. 2d 274, 276 (S.D.N.Y. 2000) ("Once an objection to venue has been raised, the plaintiff bears the burden of establishing that venue is proper");

---

[3] The relief sought by Plaintiff here was denied in nearly the exact same case by Florida's District Court of Appeal in *Chalfonte Development Corp. v. Rosewin Coats, Inc.*, 374 So.2d 618, 619-620 (4th Fla. Dist. Ct. App. 1979). There, Plaintiff signed the contract for the purchase of a condominium, signed the paragraph acknowledging "receipt of all the documents" and then "only when faced with a closing, said he did not receive the documents." *Id.* The court cited Florida's Supreme Court for the proposition that a party is bound to a contract he signed whether or not he read it, and held for the defendant. *Id.*

*Universal Marine Med. Supply, Inc. v. Lavecchio*, 8 F. Supp. 2d 214, 219 (E.D.N.Y. 1998) (plaintiff bears burden of establishing that venue is proper in district in which complaint was filed).

Where, as here, venue has been improperly laid, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

**A.    This Action Should Be Dismissed Or Transferred Pursuant to 28 U.S.C. § 1406(a) Since Venue Does Not Lie in This Court.**

Mr. Goldansky has not even come close to meeting his venue burden with respect to the three possible bases for venue. First, none of the TRG Defendants reside in the Southern District of New York, and therefore TRG's residences cannot justify venue here. *See* 28 U.S.C. § 1391(b)(1). For purposes of determining venue, the "residence" of a partnership is its principal place of business. *FSI Group v. First Fed. Sav. & Loan Assoc.*, 502 F. Supp. 356, 357 (S.D.N.Y. 1980).[4]  Here, the TRG-Desert Inn Venture, LTD is a Florida Partnership with its principal place of business in Miami, Florida and, accordingly, is a resident of Florida. (*See* Affidavit of Lee Hodges, dated March 26, 2007  ("Hodges Aff.") ¶ 3).[5]

---

[4] The test for determining the residence of an unincorporated association for venue purposes differs from the test for determining its citizenship for jurisdictional purposes. In the jurisdictional context, the citizenship of TRG-Desert Inn Venture, LTD, a partnership, is determined not by reference to the partnership, proper, but to its *general partners. See ConnTech Dev. Co. v. University of Conn. Educ. Properties, Inc.*, 102 F.3d 677, 681 (2d Cir. 1996) (partnership composed of Ohio and New Jersey corporations not deemed citizen of Connecticut notwithstanding facts that partnership was formed for sole purpose of developing real estate in Connecticut and acted only in that state). Discussing these different approaches, the *FSI Group* Court noted that for purposes of venue, "the partnership is regarded as a jural entity, distinct from its individual partners . . . . The domicile or residence of the individuals who make up the partnership is irrelevant for venue purposes because of the partnership's business nature . . . ." *FSI Group*, 502 F. Supp. at 357.

[5] For defenses raised under Rule 12(b)(3), the court "may consider matters outside the pleadings, and often must do so, since without [the] aid of such outside materials the court would be unable to discern the actual basis . . . of a party's challenge to the bare allegation in the complaint that venue is proper . . . ." *Carrano v. Harborside Healthcare Corp.*, 199 F.R.D. 459, 461 (D. Conn. 2001) (citations omitted).

Second, venue in the Southern District of New York is not proper as nothing related to Mr. Goldansky's Amended Complaint occurred in this judicial district, much less "a substantial part of the events." *See* 28 U.S.C. § 1391(b)(2). According to the Amended Complaint:  (i) Mr. Goldansky traveled to Florida to inquire about a condominium development in Florida, Am. Complaint ¶ 9; (ii) while in Florida, TRG Realty allegedly made fraudulent statements, Am. Complaint ¶ 10; and (iii) Mr. Goldansky signed a contract to purchase a condominium and made the down payment while in Florida, Am. Complaint ¶ 12.  In short, every event in this lawsuit happened in the Southern District of Florida.

In sum, all of the events surrounding the alleged fraud and not providing necessary contractual documents took place in Florida. *See Lambert v. Fiddler Gonzalez & Rodriguez*, No. 96 Civ. 7233, 1998 WL 182434, at *1 (S.D.N.Y. Arp. 17, 1998) (finding site of fraud was where "defendant issued its opinion, met with representatives of [plaintiff], and failed to disclose to plaintiff the information plaintiff claims it had but failed to disclose"); *Nathan Gordon Trust v. Northgate Exploration, Ltd.*, 148 F.R.D. 105, 108 (S.D.N.Y. 1993) (holding that conduct involving fraud took place "where the alleged misleading information was authored").  As a result, venue cannot be sustained under 28 U.S.C. § 1391(b)(2).

Third, 28 U.S.C. § 1391(b)(3) does not apply.  This subsection, authorizing venue in any "judicial district in which any defendant may be found," only applies "if there is no district in which the action may otherwise be brought." *Dolson v. New York State Thruway Auth.*, No. 00 Civ. 6439, 2001 WL 363032, at *2 (S.D.N.Y. April 11, 2001); *Amaker v. Haponik*, 198 F.R.D. 386, 392 (S.D.N.Y. 2000); *McDonald v. Gen. Accident Ins. Co.*, No. 96-CV-326, 1996 WL 590722, at * 2 (N.D.N.Y. Oct. 7, 1996).  As discussed above, Mr. Goldansky alleges that

virtually all of the events or omissions giving rise to his claims occurred in the Southern District of Florida; as such, the requirement for venue in the Florida's Southern District Court is met.

The Court should therefore dismiss the Amended Complaint because "none of the complaint's allegations support even a colorable argument for venue in this district." *Feldman v. L & M Mowing. Inc.*, No. 98 CV 4246, 1999 WL 284983, at *3 (E.D.N.Y. May 3, 1999) (dismissing complaint for lack of proper venue because "the facts suggest that Plaintiff knowingly filed this action in the wrong venue, and support a dismissal rather than transfer"); *see also Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) (holding that under the circumstances, "allowing a transfer . . . would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice"); *Kazlow v. Hade*, No. 89 Civ. 5402, 1990 WL 139030, at *2 (S.D.N.Y. Sept. 14, 1990) (dismissing case in which there was clearly no basis for venue in New York and the complaint contained "manifest defects").

**B.      Alternatively, This Action Should Be Transferred To The Southern District Of Florida Court Pursuant to 28 U.S.C. § 1404(a).**

Even if venue were proper in this district (which it is not), this action should be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). That statute allows transfer of a case "[f]or the convenience of parties and witnesses, [and] in the interest of justice" to a district "where it might have been brought."

The convenience of witnesses is an important — if not *the most* important — consideration in a § 1404(a) analysis. *See, e.g., 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 134 (S.D.N.Y. 1994) ("The convenience of both party and non-party witnesses may be the single most important factor in the analysis of whether one forum is more appropriate than a competing forum."); *U.S. Fidelity & Guar. Co. v. Republic Drug Co., Inc.*,

800 F. Supp. 1076, 1081 (E.D.N.Y. 1992) (residence of witness is important factor in transfer analysis); *Advance Relocation & Storage, Inc. v. Wheaton Van Lines, Inc.*, No. CV 99-2491, 2000 WL 33155640, at *4 (E.D.N.Y. Sept. 15, 2000) ("convenience of witnesses, is a key factor, if not the most important factor in the venue transfer analysis").

As explained above, the alleged events at issue <u>all</u> took place in Florida, which is where the potential witnesses reside. (*See* Hodges Aff. and Amended Complaint) Multiple witnesses from Florida will testify as to the crucial facts surrounding each claim, including what they told Mr. Goldansky, what documents Mr. Goldansky received with the contract he signed, and the facts concerning TRG-Realty's business practices. (Hodges Aff. ¶ 4)

Especially because "the gravamen of the case is fraud, the fact finder should have the opportunity to assess the credibility of the witnesses at trial," necessitating transfer of this case. *Saltire Industrial, Inc. v. Waller Lansden Dortch & Davis, PLLC*, 331 B.R. 101, 106 (S.D.N.Y. 2005) (transferring fraud case).

The desirability of having the case tried by a forum familiar with the substantive law also weighs heavily in favor of transferring this case. At issue here are Florida Statutes regulating disclosure in the context of the sale of Florida condominiums. (Am. Complaint ¶¶ 28-31) Florida law governs the fraud claim as well.[6]

Another factor, the locus of operative facts, also strongly favors transfer. It is "well-settled that misrepresentations are deemed to 'occur' in the district where the misrepresentations are issued . . . not where the statements at issue are received." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006); *see Nathan Gordon Trust*, 148 F.R.D. at 108.

---

[6] While the choice of law rules of the transferor court binds the choice of law rules of the transferee court, *see Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964), New York's choice of law provisions ensure that Florida law will govern because the alleged tort itself took place in Florida. *See Dutton v. Glass*, No. 04 CV 3496, 2005 WL 146503, at *2 (S.D.N.Y. Jan. 20, 2005) (holding that under New York choice of law provisions, "[w]hen a choice-of-law issue arises in regard to rules regulating conduct, such as fraud, the law of the state where the tort occurs applies").

The alleged oral misrepresentations made to Mr. Goldansky took place in Florida, and any further communications or misrepresentations (which Plaintiff has not alleged) he received in New York were issued from Florida. The property at issue is in Florida. All the Defendants are residents of Florida. Mr. Goldansky sent his checks to Florida corporations. The location of relevant documents, also considered by courts when ruling on a motion to transfer venue, is Florida. *See* Hodges Aff., ¶¶ 4-5.

Indeed, Mr. Goldansky's forum choice deserves no deference because the relevant conduct took place in Florida. *See, e.g., Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) ("emphasis placed by a court on [plaintiff's] choice diminishes where the operative facts upon which the litigation is brought bear little material connection to the chosen forum") (internal quotation marks and citation omitted); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991) ("[W]here the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same great weight and in fact is given reduced significance.").

In a similar case alleging fraud in the sale of real property in Florida, this Court determined that the Southern District of Florida was the appropriate jurisdiction. *See Ocean Walk Mall LLC v. Kornitzer*, No. 1 Civ. 213, 2001 WL 640847, at *1 (S.D.N.Y. June 11, 2001) (holding that transfer was proper where "property comprising the subject of this litigation is located [in Florida] and a substantial part of the events or omissions giving rise to the claim occurred there"). The interests of justice will be equally served by transferring this action to Southern District of Florida.[7]

---

[7] Moreover, the Southern District Court of Florida can exercise personal jurisdiction over all of the defendants. *See Anglo American Ins. Group, PLC v. CalFed, Inc.*, 916 F. Supp. 1324, 1330 (S.D.N.Y. 1996) (transferee court — in addition to being a proper venue — must have personal jurisdiction over defendant on the date of commencement of the claim). According to the Complaint, Defendants TRG Beach Club Realty, Aventura Title Insurance Corporation

## CONCLUSION

For all of the foregoing reasons, Defendants TRG-Desert Inn Venture, LTD. and TRG Beach Club Realty, Inc. respectfully request that the Court: (i) dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b) and (ii) dismiss the Amended Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) or, alternatively, transfer venue to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     March 26, 2007

**GREENBERG TRAURIG, LLP**

By: _____
       William C. Silverman (WS-6755)
200 Park Avenue
New York, New York 10166
(212) 801-9200

and

GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida 33131
(305) 579-0500

*Attorneys for Defendants TRG-Desert Inn Venture, LTD and TRG Beach Club Realty, Inc.*

---

and Chicago Title Insurance Company are Florida corporations, and subject to personal jurisdiction in Florida. TRG-Desert Inn Venture, LTD. is a Florida partnership, with its principal place of business in Florida, and is also subject to personal jurisdiction in Florida. *See In re Alexander Grant & Co. Litig.*, 110 F.R.D. 528, 532 (S.D. Fla. 1986) (partnerships conducting business in Florida are subject to personal jurisdiction in Florida); Hodges Aff. ¶ 3. Whether or not Defendants Gonzalo and Monica Montengro are subject to the general jurisdiction of the Southern District of Florida Court, they are certainly subject to that Court's specific jurisdiction since Plaintiff's claims arise from Defendants' Florida contacts — namely, the agreements between Plaintiffs and the Montegros. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.15 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1983).